UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ERICA BEISWINGER, individually, and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>WEST SHORE HOME LLC, a Pennsylvania company<br><br>                Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Erica Beiswinger ("Plaintiff Beiswinger" or "Beiswinger") brings this Class Action Complaint and Demand for Jury Trial against Defendant West Shore Home LLC ("Defendant West Shore Home" or "West Shore Home") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls *without consent* to consumers, including to consumers whose phone numbers were registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Beiswinger, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Erica Beiswinger is a resident of Palm Coast, Florida.

2. Defendant West Shore Home is a Pennsylvania registered company headquartered in Mechanicsburg, Pennsylvania.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because Defendant does business in this District and the wrongful conduct giving rise to this case was directed to this District in connection with the business Defendant conducts here. Venue is proper in this District because Plaintiff is located in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com.

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16. West Shore Home operates corporate-owned offices through the U.S. that provide construction and remodeling services including windows, doors, showers, baths and walk-in tubs to consumers.[3]

17. In order to generate business, West Shore Home runs $5,000 renovations sweepstakes in which consumers can get $5,000 towards a home renovation.

18. To promote the sweepstakes, West Shore Home places prerecorded calls to consumers, including to consumers whose phone numbers are registered on the DNC.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/westshorehome/about/

19. One such consumer uploaded this prerecorded message online which states *"Hello this is West Shore Home following up on an entry into our $5,000 sweepstakes drawing, press 1 to leave a voicemail message for us that will be returned, press 2 to be connected to an agent, press 3 to be added to our do not call list."*[4]

20. 126 users have reported this exact call to RoboKiller alone as an unwanted call.

21. When calling about the sweepstakes or related contests, West Shore Home attempts to book an appointment to offer a quote on its remodeling services.[5]

•

22. There are a multitude of complaints posted online about unsolicited calls that consumers received from West Shore Home. This is a small sampling of those complaints:

- "A dozen calls from this number over the past five days. I called them back on the number that called me (336-515-9202) not the 855-441-1572 that 'Pat' left on my voicemail. A guy answered and when I asked for Pat who had left a message for me, there was dead silence and then he disconnected the call. I called back, and the person who answered the call greeted me by name (??!). She said I'd recently entered a sweepstakes and wanted me to confirm my information to confirm that I was within their service area..."[6]
- "Cold Call"[7]
- "Calls late at night and up to five times a day"[8]
- "Wanted to sell me a bathroom upgrade"[9]

---

[4] https://lookup.robokiller.com/p/855-441-1572?__cf_chl_jschl_tk__=51ba2c03f04487059073e77d1cfa00f5be0610ed-1604956311-0-Af5_rcjbVrXWYp9eBiCc40BysVzbUdmNV41W2YcCwo_21YzSAGTUJKPK-IRfszTnMVNZfKi7ZeZwbJoIRApd0_4VZChtdVn75X_aPUWyiGKvqN5AWxhqY5zl2jJOjhnYMD29tTne4_x260SGRWJAdulHmvsfk24J-f7EOdFkNh1b5VuWeTUbeND5biLYrN2kdIsQziQPf_0I_dMuaplyB-OfQyOQ97Wx2rhu_vTpcviGKP-VtDG-wso9e1lkUUKwUeNBFpkPt_nkX3-KRr5ZODDlwxPp0h1aK9zEJ7e6XLjbmEGWDuzSMwsAQqZDuowPscbAG6kDgRluORm4eGMLlIG1OZhzaZa3jvvDotB-O_4E
[5] https://www.shouldianswer.com/phone-number/8554411572
[6] https://lookup.robokiller.com/p/855-441-1572
[7] *Id.*
[8] *Id.*
[9] https://www.shouldianswer.com/phone-number/8554411572

- "Called 4 times a day for 4 days.asked them to stop calling.1st a man, now a woman"[10]
- "Unsolicited call"[11]
- "8 calls over 3 days"[12]
- "They call repeatedly. Some sort of renovation company. I have their number blocked but they keep calling back. Have asked to be taken off their call list but they don't."[13]
- "Automated, please hold"[14]
- "number 855-441-1572 calls me three times a day every day. And I have tried blocking the number it does not work."[15]

23. In response to these calls, Plaintiff Beiswinger files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF BEISWINGER'S ALLEGATIONS

24. Plaintiff Beiswinger registered her phone number on the DNC on October 16, 2014.

25. Plaintiff Beiswinger's phone number is not associated with a business and is used for personal use only.

26. On September 18, 2020 at 3:37 PM, Plaintiff Beiswinger received an unsolicited call from West Shore Home from phone number 855-441-1572 to her cell phone.

27. On September 25, 2020 at 11:55 AM, Plaintiff received a second unsolicited call from West Shore Home, again using phone number 855-441-1572 to her cell phone.

28. On September 28, 2020 at 1:22 PM, Plaintiff received a third unsolicited call from West Shore Home using phone number 855-441-1572 to her cell phone. Defendant left a pre-recorded voicemail identifying themselves as West Shore Home regarding a $5,000 sweepstakes.

---

[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] https://www.reportedcalls.com/8554411572

29. Plaintiff is not familiar with the $5,000 sweepstakes and did not enter any sweepstakes or contests at all. Plaintiff did not give consent to Defendant to call her in any manner.

30. The unauthorized solicitation telephone calls that Plaintiff received from West Shore Home, as alleged herein, have harmed Plaintiff Beiswinger in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

31. Seeking redress for these injuries, Plaintiff Beiswinger, on behalf of herself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded calls and telemarketing calls to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

32. Plaintiff Beiswinger brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a pre-recorded voice, and (3) for whom the Defendant claims it obtained the person's number in the same way it claims it obtained Plaintiff's number.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims it obtained the person's number in the same way it claims it obtained Plaintiff's number.

33. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their

subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Beiswinger anticipates the need to amend the Class definitions following appropriate discovery.

34. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant made calls to Plaintiff and other consumers using a prerecorded voice;

(b) whether Defendant West Shore Home systematically made multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC;

(c) whether Defendant West Shore Home's calls to Plaintiff and other consumers were made for telemarketing purposes;

(d) whether Defendant made calls to Plaintiff and other consumers without their prior express consent;

(e) whether Defendant's conduct constitutes a violation of the TCPA;

(f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

36. **Adequate Representation**: Plaintiff Beiswinger will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and

experienced in class actions. Plaintiff Beiswinger has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Beiswinger and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Beiswinger nor her counsel have any interest adverse to the Classes.

37. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Beiswinger. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecord No Consent Class)**

38. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

39. Defendant and/or its agent transmitted an unwanted prerecorded telephone call to Plaintiff and the other members of the Pre-recorded No Consent Class.

40. This pre-recorded voice call was made *en masse* without the prior express written consent of the Plaintiff and the other members of the Prerecorded No Consent Class.

41. The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Registry Class)**

42. Plaintiff Beiswinger repeats and realleges paragraphs 1 through 37 of this Complaint and incorporates them by reference.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

47. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Beiswinger individually and on behalf of the Classes, prays for the following relief:

49. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Beiswinger as the representative of the Classes; and appointing her attorneys as Class Counsel;

50. An award of actual and/or statutory damages and costs;

51. An order declaring that Defendant's actions, as set out above, violate the TCPA;

52. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

53. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Beiswinger requests a jury trial.

DATED this 15th day of November, 2020.

By: /s/ Stefan Coleman

Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Trial Counsel*

*Attorneys for Plaintiff and the putative Classes*