UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ERICA BEISWINGER,** individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                          **CASE NO.   3:20-cv-1286-HES-PDB**

**WEST SHORE HOME LLC,**

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before this Court on a Motion for Substitution of Plaintiff (Dkt. 25) and the parties Motion for Preliminary Approval of Class Action Settlement. (Dkt. 26)

In the unopposed Motion for Substitution of Plaintiff (Dkt. 25), Sonia J. Hoponick ("Hoponick"), as personal representative of Ms. Beiswinger's estate, requests to replace, the decedent, Ms. Beiswinger as class representative. Hoponick has duly complied with Fed.R.Civ.P. 25(a)(1), which allows for substitution of a party upon death. This request will be granted.

Accordingly, it is **ORDERED:**

1

1. Hoponick, as personal representative of Ms. Beiswinger's estate, shall replace, the decedent, Ms. Beiswinger as class representative.

2. The Settlement Agreement, including the Notice, Summary Notice and Claim Form attached to the Settlement Agreement as Exhibits A-C are preliminarily approved.

3. Epiq Class Action and Claims Solution is appointed as the Settlement Administrator. The Settlement Administrator will notify Settlement Class Members of the settlement in the manner specified in the Settlement Agreement. The Court further finds that the Notice Plan described in the Settlement Agreement is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Litigation, certification of a Settlement Class, the terms of the Settlement, Class Counsel's fee application, the claim process, and their rights to opt-out of the Settlement Class or object to the Settlement. The Notice and Notice Plan constitute sufficient notice to all persons entitled to notice. The Notices and Notice Plan satisfy all applicable requirements of law, including, but not limited to, Fed.R.Civ.P. 23 and the Constitutional requirement of due process.

4. Settlement Class Members who want to receive an award under the Settlement Agreement must accurately complete and submit a Claim Form

to the Settlement Administrator 60 days prior to the Final Approval Hearing, as specified in the Notice.

5. Any Settlement Class Member who has not submitted a timely written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the fees, costs, and expenses award must submit written objections to the Court postmarked not less than 60 days prior to the Final Approval Hearing. Any objection regarding or related to the Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Beiswinger v. West Shore Home, LLC*, No. 3:20-cv-01286-HES-PDB" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; and (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the phone number(s) at which he or she received calls covered by this Settlement. The objecting party also must make himself or herself available for discovery and deposition. If an objecting party chooses to appear at the hearing they must comply with the above requirements and, no later than the Opt-Out

3

Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear. Only Settlement Class Members who submit timely objections may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

6. Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

7. Settlement Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. Individual requests for exclusion may be submitted to the Settlement Administrator by postal mail. No mass opt-outs are allowed. All requests for exclusion must be in writing, must be signed by the Settlement Class Member, and must include the Settlement Class Member's name, address, and the telephone number

that allegedly received a call or calls from Defendant during the Settlement Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and the Settlement Agreement. A request for exclusion must be submitted no later than 60 calendar days after entry of this Order.

8. The Settlement Class is provisionally certified as a class of all persons in the United States (1) whose telephone numbers Defendant obtained as a result of a Facebook ad campaign, and (2) who were called by or on behalf of Defendant (a) one or more times using a prerecorded voice and/or (b) two or more times in a twelve-month period on a telephone number that had been registered with the National Do Not Call Registry for more than thirty days. Excluded from the Settlement Class are (1) the Judges and Magistrate Judges presiding over the action and members of their immediate families; (2) the Defendant, its parent companies, successors, predecessors, and any entities in which the Defendant or its parents have a controlling interest, and Defendant's current and former officers, directors, agents, trustees, representatives, employees, principals, partners, joint ventures, and entities controlled by Defendant; (3) persons who properly execute and timely file a request for exclusion from the Settlement Class; and (4) the legal representatives, successors, or assigns of any such excluded person(s).

5

9. Plaintiff's estate is conditionally certified as the class representative to implement the Parties' settlement in accordance with the Settlement Agreement. The law firm of Kaufman P.A. and the Law Offices of Stefan Coleman, P.A. are conditionally appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Settlement Class's interests.

10. The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement are stayed pending the Final Approval Hearing and issuance of any final order and judgment.

11. If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Plaintiff and Class Counsel will stop functioning as the class representative and class counsel, respectively, except to the extent previously appointed by the Court; and (c) this Litigation will revert to its previous status in all respects as it existed immediately before the Parties gave notice of their settlement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator. Neither the settlement nor this Order will waive or otherwise impact the Parties' rights or arguments. Neither the

Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, any Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

12. Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

13. All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order. Pending final determination of whether the Settlement should be approved, Representative Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

14. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which

7

are not materially inconsistent with either this Order or the terms of the Agreement. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

15. On May 25, 2022, at 10:30 AM this Court will hold a Final Approval Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Plaintiff's and Class Counsel's motion for attorneys' fees and expenses for Class Counsel shall be filed 7 calendar days before the Final Approval Hearing. Plaintiff's motion in support of the Final Judgment shall be filed 7 calendar days before the Final Approval Hearing. Any brief Defendant may choose to file shall be filed on or before 7 calendar days before the Final Approval Hearing. This Court may order the Final Approval Hearing to be postponed, adjourned, continued, or set for remote appearances. If that occurs, the updated hearing date or location shall be posted on the Class Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members.

8

16. This Order provides for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| Event | Date |
|---|---|
| Notice Date | No more than 30 days after Preliminary Approval |
| Deadline for filing papers in support of Class Counsel's application for an award of attorneys' fees and expenses | No less than 35 days prior to Opt-Out Deadline |
| Claims Deadline | Approximately 60 days after the Notice Date |
| Opt-Out Deadline | Approximately 60 days after the Notice Date |
| Deadline for filing Motion for Final Approval | No less than 15 days prior to the Final Approval Hearing |
| Responses to Objections | No less than 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | No less than 90 days after entry of Preliminary Approval |

**DONE AND ORDERED** at Jacksonville, Florida, this _14_ day of February, 2022.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

9

Copies to:
Rachel Elizabeth Kaufman, Esq.
Avi Robert Kaufman, Esq.
Stefan Coleman, Esq.
Ari N. Rothman, Esq.
Theodore Benson Randles, Esq.
Lansing C. Scriven, Esq.