# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**ERICA BEISWINGER,** individually
and on  behalf of all others similarly
situated,

**Plaintiff,**

v.                                                    **Case No.**  3:20-CV-1286-HES-PDB

**WEST SHORE HOME LLC,**

**Defendant.**

---

**ORDER GRANTING FINAL APPROVAL TO  CLASS
ACTION SETTLEMENT AND FINAL JUDGMENT**

This Court has reviewed the motion for final approval of class

settlement filed in this Litigation, including the Class Action

Settlement Agreement ("Settlement Agreement").[1]  Having read all of

the papers filed in connection therewith, as well as all of the evidence

and argument submitted with respect to the proposed Settlement, the

Court finds that the proposed Settlement is fair, reasonable, and

adequate.

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those
terms in the Settlement Agreement.

The Court therefore FINDS AS FOLLOWS:

1.    The Court has personal jurisdiction over all Settlement Class Members, and the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits thereto.

2.    The Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

3.    Pursuant to <u>Fed. R. Civ. P. 23</u>, and for purposes of this settlement only:

a. The Settlement Class consists of all persons in the United States (1) whose telephone numbers Defendant obtained as

a result of a Facebook ad campaign, and (2) who were called by or on behalf of Defendant (a) one or more times using a prerecorded voice and/or (b) two or more times in a twelve-month period on a telephone number that had been registered with the National Do Not Call Registry for more than thirty days.

b. The Class is ascertainable and so numerous that joinder of all members is impracticable. The Class consists of thousands of class members and the Class Members have been determined by objective means from Defendant's records.

c. There are questions of law or fact common to the Settlement Class, centered around Defendant's prerecorded voice calls and/or calls to class members' telephone numbers registered on the National Do Not Call Registry.

d. The claims of the proposed class representative are typical of the claims of the Class. The proposed class representative and each member of the proposed Class are

3

alleged to have suffered the same injury caused by the same course of conduct.

e. Plaintiff has fairly and adequately represented and protected the interests of the Class. Plaintiff is a member of the proposed Class. Neither Plaintiff nor Class Counsel have any conflicts of interest with the other class members, and Class Counsel have demonstrated that they have adequately represented the Class.

f. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

g. A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the Settlement substantially benefits both the litigants and the Court, and there are few manageability issues as settlement is proposed rather than a further trial.

4. Pursuant to Fed. R. Civ. P. 23(e), the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, taking into account the following

4

factors: (1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation; (3)
the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits; (5) the range
of possible recovery; and (6) the opinions of the class counsel, class
representatives, and the substance and amount of opposition to the
settlement.

5.    The plan for distribution of the Settlement Fund is fair and
equitable. The Settlement Administrator shall perform the
distribution to Settlement Class Members following the process set
forth in the Settlement Agreement without further order of this Court.

6.    Settlement Class Members have been given due and
adequate notice of the Settlement Agreement.

7.    There are 0 objections.

8.    There is 1 opt-out.[2]

9.    The Court has held a hearing to consider the fairness,
reasonableness, and adequacy of the proposed settlement.

_____

[2] A list of opt outs is included as an exhibit to this Order.

10. Under the Settlement Agreement, Class Counsel is permitted to seek Court approval of attorneys' fees and documented and reasonable expenses and costs. Having considered Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and considering the percentage of the fund, lodestar cross-check, the quality of representation provided and the results obtained, as well as a number of other factors, Class Counsel is awarded attorneys' fees of $ 449,166.67, and reimbursement of costs and expenses of $ 20,466.23, representing fair and reasonable compensation and reimbursement for Class Counsel's efforts in investigating, litigating, and settling this action.

11. All payments of attorneys' fees and reimbursement of expenses to Class Counsel, and notice expenses in this Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses, the service award, and notice expenses. The Released Parties' only and total liability is the Settlement Fund.

12. Accordingly, the Court hereby finally APPROVES the proposed settlement as reflected in the Settlement Agreement, the

respective terms of which, including but not limited to the releases, are hereby incorporated by reference as though fully set forth herein.

13.    The Court having granted final approval to the Settlement Agreement, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.    Immediately upon entry of this Final Judgment by the Clerk, this action shall be closed according to the Court's standard practices.

2.    The Settlement Agreement is approved as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; the Parties and their counsel are directed to implement and consummate the Agreement according to its terms and provisions; and the Agreement is declared to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties.

3.    The Parties are hereby directed to implement and consummate the Agreement, including to take all actions required under the terms and provisions of the Settlement Agreement.

4.     To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be *res judicata*, and to prohibit and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Settlement Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses or losses arising out of or relating to the claims released under the Settlement Agreement.

5.     All persons who are Settlement Class Members are bound by this Final Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the Settlement Agreement.

6.     The Court shall retain continuing jurisdiction over this action as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to settlement administration; and (iii) enforcement of this Final Approval Order and Judgment, and any order relating to attorneys' fees.

This Action (including all individual claims and Settlement Class Member claims asserted therein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement. No just reason exists for delay in entering this Final Judgment.

SO ORDERED at Jacksonville, Florida, this 25 day of May, 2022.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

9